UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| n/a | n/a | |

**Proceedings:** **(In Chambers) Order Denying Respondent's Motion to Dismiss [Dkt. 9] Without Prejudice and Requiring Answer to Petition**

On March 5, 2015, Teofilo Epifano Lopez ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his 2010 convictions for commission of lewd acts on a child under the age of fourteen, in Orange County Superior Court. Respondent has filed a Motion to Dismiss the Petition, contending it is untimely. For the reasons set forth below, the Court declines to dismiss the Petition as untimely based on the limited record before it. Furthermore, because Respondent's Motion only challenges the timeliness of the Petition, the Court orders Respondent to file an Answer addressing the merits of the Petition's claims.

# I.
# PROCEDURAL BACKGROUND

On December 7, 2010, following a jury trial in Orange County Superior Court, Petitioner was convicted of six counts of commission of lewd acts on a child under the age of fourteen, in violation of California Penal Code section 288(a). Lodged Document ("Lodg.") No. 3 at 185-202.[1] On March 4, 2011, the trial court sentenced Petitioner to

---

[1] The Court's references to lodged documents refer to the documents Respondent has lodged with the Court in support of his Motion to Dismiss. (ECF Docket No. 10). Lodged Document No. 3 is a copy of the "Clerk's Transcript" from Petitioner's trial. Any further citations to Lodged Document No. 3 will be abbreviated as "CT."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

sixty years to life in state prison. CT 310-11.

On April 29, 2013, the California Court of Appeal affirmed Petitioner's convictions in a reasoned decision on direct appeal. Lodg. No. 7. On May 28, 2013, the Court of Appeal summarily denied Petitioner's petition for rehearing of the appeal. Lodg. No. 9.

On June 7, 2013, Petitioner filed a Petition for Review in the California Supreme Court, seeking discretionary review of the Court of Appeal's decision. Lodg. No. 10. On July 31, 2013, the California Supreme Court denied discretionary review of the Court of Appeal's decision. Lodg. No. 11.

On March 5, 2015, Petitioner constructively[2] filed the instant Petition. (ECF Docket No. ("dkt.") 1). On March 13, 2015, finding the Petition to be untimely on its face, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed As Untimely ("OSC"). (Dkt. 5). On April 3, 2015, Petitioner filed a Response to the Court's OSC. (Dkt. 6). In the Response, Petitioner claimed he had given his legal materials to a fellow inmate, Paul Adams, and that he had been unable to access these materials after Adams was placed in administrative segregation. (Id.). Petitioner claimed he was entitled to equitable tolling of the applicable statute of limitations for the period of time he was unable to access his legal materials. (Id.). On April 6, 2015, the Court issued an Order Requiring Answer/Return to Petition by Respondent. (Dkt. 7).

On April 20, 2015, Respondent filed the instant Motion to Dismiss the Petition as untimely. (Dkt. 9). On May 14, 2015, Petitioner filed an Opposition to Respondent's Motion. (Dkt. 11). The matter thus stands submitted and ready for decision.

---

[2]     Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on March 5, 2015. Pet. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

# II.
# DISCUSSION

The instant Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court must apply the requirements for habeas relief set forth in AEDPA when reviewing the Petition. Soto v. Ryan, 760 F.3d 947 (9th Cir. 2014) (citing Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997)). AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

**A.      Petitioner Did Not File His Petition Within AEDPA's One-Year Limitations Period**

AEDPA's one-year limitations period commences on the date a petitioner's conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A).[3] Here, Petitioner's conviction became final on October 28, 2013—ninety days after the California Supreme Court denied discretionary review of Petitioner's direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days after the entry of judgment). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on October 29, 2013 and expired one year later, on October 28, 2014. The instant Petition was not constructively filed until March 5, 2015. Therefore, the instant Petition is untimely by over four months under Section 2244(d)(1), absent tolling.

---

[3] The limitations period under Section 2244(d)(1) may also commence on dates set forth in 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of these provisions are applicable here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

**B.    Statutory Tolling Cannot Render The Petition Timely**

AEDPA sets forth a statutory tolling provision which suspends Section 2244(d)(1)'s limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

Here, Petitioner has not filed any state applications for post-conviction relief.  Thus, statutory tolling does not render the Petition timely.

**C.    Petitioner's Potential Entitlement to Equitable Tolling**

  **1.    Legal Standard**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  The "extraordinary circumstances" requirement means equitable tolling will not be available in most cases.  Calderon v. U.S. Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds by Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (internal quotation marks omitted).  "The Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing Pace, 544 U.S. at 417).

A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).  "The petitioner must establish two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (internal citation and quotation marks omitted).  Conclusory "assertions rarely suffice to meet the burden of demonstrating entitlement to equitable tolling." Williams v. Dexter, 649 F. Supp. 2d 1055, 1062 (C.D. Cal. 2009) (internal citation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

omitted). At the same time, a habeas petitioner "should receive an evidentiary hearing when he makes a good-faith allegation that would, if true, entitle him to equitable tolling." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (emphasis in original) (citation and internal quotation marks omitted).

**2.  Petitioner's Allegations**

In both his Response to the Court's OSC and his Opposition to the instant Motion, Petitioner contends he is entitled to equitable tolling. In the two documents, Petitioner presents the following allegations.

Petitioner was previously confined at Ironwood State Prison ("ISP') in Blythe, California. Response at 8. Some time after California Supreme Court's denial of discretionary review of his direct appeal on July 31, 2013, Petitioner requested that Paul Adams, a fellow inmate at ISP, assist him in preparing a federal habeas corpus petition. Id. at 1-2. Petitioner entrusted Adams with transcripts of his trial court proceedings, appellate briefs, and all other relevant legal materials. Id. at 9.

On October 9, 2013, Adams was removed from his assigned cell at ISP and placed into administrative segregation. Id. at 2, 9. All of Adams' property and documents, including Petitioner's legal materials, were confiscated by correctional officers. Id. at 9; Opp. at 2. Correctional officers allegedly combined Petitioner's legal papers with Adams' other documents and did not return Petitioner's legal materials to him, in violation of California prison regulations.[4] Response at 9. Petitioner tried unsuccessfully to regain his legal materials, but was unable to recover them. Id. at 2, 9. Petitioner was subsequently transferred to the Richard J. Donovan Correctional Facility in San Diego, California. Id. at 9-10.

Petitioner subsequently made the following attempts to obtain copies of the transcripts of his trial court proceedings. First, Petitioner requested copies of the

---

[4]  Petitioner claims the officers' failure to return his legal materials to him violated Cal. Code Regs. tit. 15, § 3163. See Response at 4 (citing Cal. Code Regs. tit. 15, § 3163 ("All papers must be returned to the respective owners when either inmate is transferred to another institution or when other administrative action prevents direct communications between the inmates.")).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

transcripts from the California Superior Court, but his request was denied. Id. at 2. Second, Petitioner attempted to purchase copies of the transcripts from the Superior Court's Reporter Interpreter Services in Santa Ana, California, but was unable to afford the costs of the transcripts. Id. Third, Petitioner appears to have contacted the Criminal Research Association, Inc., and requested that it contact Adams about Petitioner's legal materials. Id. at 6. In response, the Criminal Research Association, Inc. sent a letter, dated March 26, 2014, to Adams about the matter. Id. Petitioner does not indicate whether Adams took action on the letter.

Petitioner also attempted to obtain the legal materials confiscated by ISP correctional officers. On November 27, 2014, after Petitioner arrived at the Richard J. Donovan Correctional Facility, he filed a petition for a writ of mandamus in the California Superior Court for the County of Riverside, requesting the Superior Court order ISP prison officials to return Petitioner's legal materials to him. Id. at 3, 7-11. Petitioner does not indicate whether or how the Superior Court ultimately ruled on his petition.[5]

Ultimately, at Petitioner's request, Petitioner's appellate counsel, Dacia Burz, sent him copies of his appellate briefs on direct appeal and his brief to the California Supreme Court.[6] Id. at 3. Using these materials, Petitioner prepared and filed the instant Petition. Id.

Petitioner claims correctional officers' failure to return his legal materials to him in violation of applicable regulations after Adams' administrative segregation constitutes an

---

[5] To the extent Petitioner claims his petition for a writ of mandamus in the Riverside County Superior Court statutorily tolled the AEDPA limitations period under 28 U.S.C. § 2244(d)(2), the Court rejects this argument. See Meadows v. Jacquez, 242 F. App'x 453, 455 (9th Cir. 2007) ("Meadows's mandamus petitions to compel production of her full medical records did not toll the limitations period because they were not applications for State post-conviction or other collateral *review* within the meaning of AEDPA.") (emphasis in original).

[6] Petitioner alleges he had previously requested a copy of these materials from Burz, but that Burz did not send these materials in response to Petitioner's first request. See Opp. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

"extraordinary circumstance" that prevented him from filing the instant Petition and that entitles him to equitable tolling of the AEDPA limitations period. Opp. at 2. Respondent has not disputed Petitioner's allegations concerning the wrongful conduct of correctional officers in refusing to return his legal materials.

### 3. Analysis

After considering the arguments presented by both parties, the Court finds it cannot make a definitive determination as to whether the instant Petition was timely filed by virtue of equitable tolling. First, Petitioner's allegations, if true, indicate "extraordinary circumstances" caused him to file his Petition after the AEDPA limitations period lapsed. See Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002). Specifically, Petitioner alleges he was unable to file the instant Petition within the limitations period because ISP correctional officers unlawfully failed to return his legal materials to him after confiscating them from Adams in October 2013. Response at 3. The Ninth Circuit has recognized a habeas petitioner's inability to access his legal materials because of "external impediments" constitutes an "extraordinary circumstance" for purposes of equitable tolling. Waldron-Ramsey, 556 F.3d at 1013. Moreover, the Ninth Circuit has recognized that wrongful conduct by state officials can be a basis for equitable tolling. See Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) ("Each of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or, occasionally, by the petitioner's counsel."). Consequently, Petitioner alleges facts that, if true, evidence extraordinary circumstances entitling him to equitable tolling.[7]

---

[7] Admittedly, the Ninth Circuit has expressly rejected claims to equitable tolling where a petitioner is deprived of access to his legal materials as a result of his own voluntary act. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010). In Chaffer, the Ninth Circuit considered a federal habeas petitioner's claim that he was entitled to equitable tolling for the period of time he gave his legal materials to another prisoner. Id. The petitioner in Chaffer contended he was entitled to equitable tolling because he was unable to access his legal materials for this period of time. Id. The Ninth Circuit explicitly rejected the petitioner's argument, reasoning the petitioner "entrusted [his inmate law clerk] with his legal documents at his peril." Id. at 1049.

The U.S. Court of Appeals for the District of Columbia issued a similar holding in United States v. Cicero, 214 F.3d 199, 204 (D.C. Cir. 2000)—a case cited approvingly by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

      Second, Petitioner has alleged facts suggesting he pursued his rights diligently after prison officials failed to return his legal materials to him upon confiscating them from Adams. See Rasberry, 448 F.3d at 1153. Petitioner alleges he contacted a variety of agencies and individuals in an effort to gain access to his legal materials between October 9, 2013 (the date of Adams' segregation) and the filing of the instant Petition. These agencies and individuals included: (1) the California Superior Court; (2) the California Superior Court's Reporter Interpreter Services; (3) the Criminal Research Association, Inc.; and (4) his appellate counsel, Dacia Burz, on *two* occasions. Response at 2-3, 6; Opp. at 4. Petitioner also alleges he filed a petition for a writ of mandamus in Riverside County Superior Court in November 2014, attempting to compel ISP prison officials to return his legal materials. Response at 3, 7-11. Admittedly, Petitioner does not specify when he contacted many of these agencies and individuals. Nonetheless, assuming Petitioner's allegations are true, Petitioner has shown he acted diligently in pursuing his claims. See Roy, 465 F.3d at 969.

---

the Ninth Circuit in Chaffer. In Cicero, as here, a federal habeas petitioner claimed he entrusted his legal documents with a jailhouse lawyer whose placement in segregation "separated [petitioner] and his papers for some time before the expiration of the one year grace period until after the filing deadline had passed." Id. at 205. The Court found this assertion an insufficient basis for equitable tolling, because the petitioner "entrusted [the jailhouse lawyer] with his legal documents at his peril." Id.

      Although Chaffer and Cicero bear similarities to the instant case, both are arguably distinguishable. Neither Chaffer nor Cicero involved a claim, as Petitioner makes here, that prison officials unlawfully withheld the petitioners' legal materials. Rather, the holdings in Chaffer and Cicero appear to have turned on the fact that the petitioners lost access to their legal materials as a result of their own voluntary acts. If Petitioner's allegations here are true, Petitioner's lack of access to his legal materials was caused, at least in part, by the unlawful failure of prison officials to return them after confiscating them from Adams. Hence, Chaffer and Cicero notwithstanding, prison officials' unlawful failure to return Petitioner's legal materials appears to constitute an "external impediment" that was "beyond [Petitioner's] control" and that entitles Petitioner to equitable tolling. Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 15-396-AB-KK | Date | June 3, 2015 |
|---|---|---|---|
| Title | Teofilo Epifano Lopez v. Daniel Paramo | | |

In short, Petitioner has proffered allegations that, if true, indicate he is entitled to equitable tolling for the amount of time necessary to render the Petition timely. See Waldron-Ramsey, 556 F.3d at 1013. Hence, the Court declines to rule on the timeliness of the Petition on the limited record before it. Accordingly, the Court instructs Respondent to file an Answer addressing the merits of the Petition's claims.

IT IS THEREFORE ORDERED:

1.  Respondent's request for dismissal of the Petition in its Motion to Dismiss on timeliness grounds is **DENIED** without prejudice to reassertion of a statute of limitations defense in Respondent's Answer.

2.  Respondent is instructed to file and serve an Answer to the Petition addressing the merits of the Petition's claims within **21 days of the date of this Order**.